UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
DOCKET NUMBER 24-2141
On Appeal from the U.S.D.C. for the Southern District of New York

```
--------------------------------------------------------x
RICKY HILL,                          )    Dist. Ct. No. 1:23-cv-2911-JGK
                                     )
            Plaintiff/Appellant,     )    Hon. John G. Koeltl (USDJ)
                                     )
v.                                   )
                                     )
MAJOR LEAGUE SOCCER, LLC,            )
                                     )
            Defendant/Appellee.      )
--------------------------------------------------------x
```

### APPELLANT RICKY HILL'S RESPONSE IN OPPOSITION TO APPELLEE MAJOR LEAGUE SOCCER, LLC'S MOTION TO DISMISS APPEAL

Appellant Ricky Hill ("Hill" or "Appellant") hereby submits his Response in Opposition to Appellee Major League Soccer, LLC's ("MLS" or "Appellee") Motion to Dismiss Appeal ("Motion to Dismiss").

### FACTS PERTINENT TO THE MOTION TO DISMISS

Hill's appellate counsel is a sole practitioner and the only attorney performing legal work of any kind on this appeal. See Declaration of Steven M. Shebar, filed herewith ("Shebar Declaration" or "Shebar Dec."), ¶ 1. During August and September, counsel was being treated for serious health issues that directly impacted his ability to attend to and meet filing deadlines in several cases. Copies of letters from three treating physicians are attached to the Shebar Declaration as Exhibit A. The disabling impact of these health issues caused Hill's counsel to miss the original due date for payment of the appeal fee and filing the acknowledgement and appearance, and Forms C and D. These issues also made his compliance with the extended October 1 date assigned by the Court more of a difficult task than it otherwise would have been. *Id.* ¶ 2.

Hill's counsel was able to complete all of the outstanding filings, including Forms C and D, by the October 1 deadline. To make a record of his readiness to file these forms, Hill's counsel delivered them as attachments on October 1 to the ECF Filing Clerk. Shebar Dec., ¶ 3, Ex. B.

By that time, he had been encountering difficulties filing the forms since the afternoon of October 1, as reflected in emails on October 1 at 1:56, 4:12 and 5:34 p.m., and again on October 2 at 7:21 a.m. Shebar Dec., ¶ 3, Ex. B.

All other outstanding documents were filed, and the fee paid, by October 1. *Id.* ¶ 4.

Hill's counsel also documented the prior difficulties he encountered with the ACMS system, which began on September 18, as reflected in numerous emails corresponding with the ECF Filing Clerk, regarding the notice of appearance. Shebar Dec., ¶ 5, Ex. C.

While not intending to rely on the ECF Filing Clerk for legal guidance, Hill's counsel inquired whether the forms would be accepted as filed (as a procedural matter) or whether a motion for leave was required. Before determining his next course of action, Hill's counsel received electronic notice that the forms were accepted for filing. *Id.,* ¶ 6.

MLS' counsel then filed a letter asking the Court to dismiss the appeal on the basis of Hill's October 2 filing of Forms C and D. Dkt. # 21.1, to which Hill's counsel responded with a letter. Dkt. # 22.1. MLS was notified by the Court on October 4 of the non-compliance of its letter, due to (i) missing form T-1080 and (ii) improperly using a letter format as opposed to a motion. Dkt. # 23.

MLS' counsel waited 5 days before advising Hill's counsel that she intended to file a proper motion and asking (i) Hill's position and (ii) whether counsel "intend[s] to file a response by COB today." Shebar Dec., ¶ 7, Ex. D. Hill's counsel responded that his position had been set forth in his

2

letter response and asked how he could know whether he would be filing a response to a motion he had not yet seen by close of business that same day. *Id.*

MLS' counsel never answered. Hill's counsel followed up with another email on October 9, setting forth in more detail the facts surrounding the one-day delay in getting Hill's Forms C and D filed, including the three medical letters attached to the Shebar Declaration as Exhibit A. In that email, Hill's counsel also asked MLS' counsel to consider not filing the motion, given the documented circumstances. Shebar Dec. ¶ 8, Ex. D.

Notwithstanding being advised of counsel's medical difficulties, and in particular their impact on counsel's ability to rapidly generate work product, MLS' counsel again did not respond, and waited until 2:20 p.m. on October 10 before proceeding to file the Motion to Dismiss. Dkt. 25.1

I. **MLS' Motion to Dismiss should be stricken for failure to comply with Second Circuit Local Rule 27.1.**

MLS asks the Court to dismiss Hill's appeal due to his failed attempt to file his forms C and D on the October 1, 2024 due date, despite Hill's counsel's proof, among other things, that the forms were prepared and ready to file on that date, but were unable to be filed due to documented problems Hill's counsel encountered with the ACMS system. However, in MLS' haste to obtain the ultimate punishment against Hill, *i.e.*, complete, final and case-terminating relief, its counsel apparently did not take the time to read the applicable Second Circuit Local Appellate Rules ("LAR"). Had they done so, they would have read the following:

> Local Rule 27.1 - Motions
>
> * * * *
> (b) Notification; Disclosure of Opponent's Position. In a case in which all parties are represented by counsel, a motion must state: (1) that the movant has notified opposing counsel, or why the movant was unable to do so; (2)

3

>opposing counsel's position on the relief requested; and (3) whether opposing counsel intends to file a response to the motion.
>
>* * * *
>
>(h) Sanctions. The court may, after affording the party notice and an opportunity to be heard, impose sanctions against a party that fails to comply with this rule.

Despite Hill's counsel's very detailed notification of its position in opposition to the Motion to Dismiss, which was provided to MLS' counsel on October 9, MLS has failed to satisfy any of the three requirements for a motion under LAR 27.1(b). Its Motion to Dismiss should therefore be denied and/or stricken based on LAR 27.1(b) and (h).

## II. MLS' references to any alleged past delays in filings in the district court should be stricken and/or disregarded as both irrelevant and unsupported by any factual record.

MLS seeks to use unsupported, asserted prior delays of Hill's counsel in making filings in the district court, presumably to discredit any of the documented, valid reasons for the mishap of filing Hill's Forms C and D a day late. These assertions should be disregarded because, even if MLS were to establish prior requests for extensions (i) requests for extensions of time that are granted do not prove any sanctionable misconduct either in the past or presently; and (ii) the present circumstances stand on their own as a justifiable basis to permit the one-day delay.

## III. Dismissal is not warranted here, as demonstrated by, among other things, comparison to MLS' cited authorities.

The authorities on which MLS' Motion to Dismiss is premised are not even remotely analogous to the circumstances now before the Court. In *United States v. Pomales*, No. 20-3137, 2021 WL 7502179 (2d Cir. Aug. 2, 2021), the court had given the appellant 21 days from May 4, 2021 to file the outstanding form. As of August 2, more than 2 months after the court's deadline, the form had still not been filed, resulting in dismissal. *Id.* Similarly, in *Marquess v. Cardflex, Inc.*,

4

No. 22-1822, 2022 WL 18694512 (2d Cir. Nov. 21, 2022), the court had given the two appellants until October 27 and November 7, 2022, respectively, to file the outstanding forms. With appellants still out of compliance, the order dismissing the appeal was entered on November 21, 2022, weeks after the filings were due.

      Neither of those cases involved a one-day delay in filing a document that was prepared and ready to file on the due date, caused by documented issues with the electronic filing system. Nor is there any indication that any counsel responsible for those filings was dealing with an illness supported by medical records attesting to its impact on counsel's ability to timely complete work. Counsel's inability, despite his best efforts to file the final missing forms should be viewed as good cause sufficient to deny MLS' request for dismissal of this appeal. See *Hollomon v. City of New York*, No. 04-CV-2964 (NG)(JMA), 2006 WL 2135800, at *3 (E.D.N.Y. July 31, 2006) (Where it appeared "that illness, not mere attorney mistake, was the cause of plaintiff's counsel's failures [. . .] [o]n the record before the court, that illness would constitute good cause.")

## **CONCLUSION**

      Based on the foregoing, Hill respectfully requests that the Court deny the Motion to Dismiss and grant Hill such further relief as the Court deems just and appropriate.

      Respectfully submitted,

      RICKY HILL

      By: /s/Steven M. Shebar
          His Attorney

SHEBAR LAW FIRM
Steven M. Shebar
0N370 Fanchon St.
Wheaton, Illinois 60187
(630) 877-6833
steveshebar@shebarlaw.com

5

*Attorneys for Appellant Ricky Hill*

6