**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**DOCKET NUMBER 24-2141**
**On Appeal from the U.S.D.C. for the Southern District of New York**

```
--------------------------------------------------------x
RICKY HILL,                              )      Dist. Ct. No. 1:23-cv-2911-JGK
                                         )
                 Plaintiff/Appellant,    )      Hon. John G. Koeltl (USDJ)
                                         )
v.                                       )
                                         )
MAJOR LEAGUE SOCCER, LLC,                )
                                         )
                 Defendant/Appellee.     )
--------------------------------------------------------x
```

**<u>DECLARATION OF STEVEN M. SHEBAR</u>**

I, Steven M. Shebar, under penalty of perjury, declare as follows:

1. I am Hill's appellate counsel in this appeal. I am a sole practitioner and the only attorney performing legal work of any kind on this appeal.

2. During August and September, I was being treated for serious health issues that directly impacted my ability to attend to and meet filing deadlines in several cases. Copies of letters from three treating physicians are attached hereto as Exhibit A. The disabling impact of these health issues caused me to miss the original due date for payment of the appeal fee and filing the acknowledgement and appearance, and Forms C and D. These issues also made my compliance with the extended October 1 date assigned by the Court more of a difficult task than it otherwise would have been, had I not been laboring under this disability.

3. I was able to complete work on all of the outstanding filings, including Forms C and D, by the October 1 deadline. To make a record of my readiness to file these forms, after experiencing difficulty with the ACMS system, I delivered them as attachments on October 1 to the ECF Filing Clerk. Correspondence evidencing this delivery is attached hereto as Exhibit B. By

that time, I had been encountering difficulties filing the forms since the afternoon of October 1, as reflected in emails on October 1 at 1:56, 4:12 and 5:34 p.m., and again on October 2 at 7:21 a.m. See Ex. B.

4.     All other outstanding documents were filed, and the fee paid, by October 1, as ordered by the Court.

5.     I also documented prior difficulties I had encountered with the ACMS system, which began on September 18, as reflected in numerous emails corresponding with the ECF Filing Clerk, regarding the notice of appearance. Copies of this correspondence is attached hereto as Exhibit C.

6.     While not intending to rely on the ECF Filing Clerk for legal guidance, I inquired whether the forms would be accepted as filed (as an ECF procedural matter) or whether a motion for leave was required. Before determining my next course of action, I received electronic notice that the forms were accepted for filing.

7.     MLS' counsel filed a letter motion to dismiss the appeal on October 4, which was rejected by the Court for its improper format. MLS' counsel waited 5 days, until October 9, before advising me that she intended to file a proper motion and asking (i) Hill's position on the motion and (ii) whether I "intend to file a response by COB today." I responded that Hill's position had been set forth in my letter response to MLS' motion, and asked how I could know whether I would be filing a response to a motion he had not yet seen by close of business that same day. Attached hereto as Exhibit D are copies of this email correspondence.

8.     MLS' counsel never answered that email. I then followed up with another email on October 9, setting forth in more detail the facts surrounding the one-day delay in getting Hill's Forms C and D filed, including the three medical letters attached to this declaration as Exhibit A.

2

In that email, I also asked MLS' counsel to consider not filing the motion, given the documented circumstances. See Ex. D.

9.  Notwithstanding being advised of counsel's medical difficulties, and in particular their impact on counsel's ability to rapidly generate work product, MLS' counsel again did not respond, and waited until 2:20 p.m. on October 10 before proceeding to file the Motion to Dismiss. Dkt. 25.1 – having been advised by the Court that Hill's deadline to re-file his opposition in proper format was also that day, October 10.

Executed this 10th day of October, 2024, under penalty of perjury:

/s/Steven M. Shebar