PROSKAUER ROSE LLP
Elise M. Bloom
Noa M. Baddish
11 Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Defendant-Appellee*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
RICKY HILL,                                  :
                                             :           Appeal No. 24-2141
            Plaintiff-Appellant,             :
                                             :
     against                                 :
                                             :
MAJOR LEAGUE SOCCER, L.L.C.,                 :
                                             :
            Defendant-Appellee.              :
                                             :
                                             :
                                             :
                                             :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF
<u>DEFENDANT-APPELLEE'S MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ............................................................................................................1

    I.     Hill Did Not File His Forms C and D By October 1. ..................................1

    II.    MLS Complied with Local Rule 27.1 in Filing its Motion to Dismiss. ......4

CONCLUSION .........................................................................................................5

i

Defendant-Appellee Major League Soccer, L.L.C. ("MLS") submits this reply memorandum of law in further support of its Motion to Dismiss Plaintiff-Appellant Ricky Hill's ("Hill") appeal for failure to timely file his Forms C and D by October 1, 2024, as required by the Court's Orders. (Dkt. Nos. 11-12.)

## PRELIMINARY STATEMENT

Hill cannot dispute that, after his appeal was placed in default, he missed the Court-ordered deadline to file his Forms C and D. Despite having months to file his Forms C and D and being explicitly warned that his failure to do so by October 1, 2024 would automatically result in dismissal of his appeal, Hill asks the Court to disregard its Orders. In his efforts to do so, Hill claims that his counsel's health issues prevented him from filing the routine Forms, blames the ACMS system, and seeks to strike MLS's Motion on frivolous grounds. Hill's arguments are unavailing, particularly given his repeated disregard of court-ordered deadlines before both this Court and the District Court.

## ARGUMENT

### I. Hill Did Not File His Forms C and D By October 1.

Hill filed his notice of appeal on August 9, 2024. As a result, he was supposed to file his Forms C and D by August 23, 2024. He missed that deadline without any communication to the Court or counsel for MLS. He also missed the deadlines to file his notice of acknowledgment and appearance and to pay his filing

1

fee. Due to Hill's failure to meet *all* of the aforementioned deadlines, on September 17, 2024, the Court placed Hill's appeal in default and advised him that if he did not cure all of the outstanding defects by October 1 his "appeal would be dismissed effective [that day]." Hill did not file his Forms C and D on October 1 and did not communicate with MLS's counsel regarding his purported inability to do so. Pursuant to the Court's Orders, Hill's appeal was therefore deemed dismissed on October 1.[1]

It was not until October 4, after MLS filed its letter seeking to dismiss Hill's appeal (Dkt. 21), that Hill's counsel raised his health issues that purportedly prevented him from filing the requisite Forms over the course of the prior seven weeks and that he also was unable to file the Forms by the deadline due to alleged "difficulties" with the ACMS system on the October 1 deadline. (Dkt. 27.1 at 2.) Neither of these excuses justify Hill's disregard of the Court's Orders.

First, Hill's counsel's alleged health issues did not prevent him from filing other documents in connection with this appeal during the very same time period during which he claims he was unable to file the Forms C and D. Additionally, as explained in MLS's moving papers, Hill has consistently missed court-ordered

---

[1] Although Hill contends that he "received electronic notice that his [Forms C and D] were accepted for filing," he does not provide any documentation supporting that statement nor does he specify when he purportedly received such notice. (*See* Dkt. 27 at 2; Dkt. 27.2 at ¶ 6.)

2

deadlines both in this appeal and before the District Court without any consequence. This is not an isolated incident where counsel experienced unexpected technical difficulties and was unable to meet a court-ordered deadline as a result. To the contrary, Hill disregarded numerous court-ordered deadlines before the District Court and before this Court, including, the October 1 deadline to file his Forms C and D.[2] Hill's disregard of the Court-ordered deadline should not be condoned, and if he wishes to pursue his appeal, he should have to file a motion for reinstatement and be subject to the applicable standards for such motions.

Second, the correspondence attached to Hill's counsel's declaration demonstrates that Hill's counsel consistently encountered issues with the ACMS system before October 1. As a result, he should have been diligent and given himself sufficient time to ensure he filed the Forms C and D by the deadline given that his appeal was already placed in default.

Hill had multiple opportunities and ample time to file the Forms by the October 1 deadline. The simple fact is that he did not do so. Hill's attempts to

---

[2] Hill recently missed yet another deadline. Pursuant to Local Rule 32.1(a), 14 days after he notified the Court that no transcript would be ordered in his Form D, Hill was supposed to file a letter notifying the Court when he intended to file his appellate brief. Given that Hill claims he filed the Form D on October 1, he should have filed the letter by October 15 or at the very latest on October 16 – which is 14 days after he actually filed the Form. At the time of this submission on October 17, Hill has not filed the required letter.

3

excuse his failure to comply with this Court's Orders are unavailing, and he does not present any basis for this Court to set aside its Orders deeming the appeal dismissed.

**II.     MLS Complied with Local Rule 27.1 in Filing its Motion to Dismiss.**

Hill baselessly contends that MLS did not comply with Local Rule 27.1 and asks the Court to strike MLS's Motion based on that false contention. As demonstrated by the correspondence attached to Hill's counsel's declaration, MLS complied with Local Rule 27.1. On October 4, MLS filed a letter seeking to dismiss Hill's appeal for failure to file his Forms C and D by the October 1 deadline. On October 8, the Court advised MLS to file a formal motion to dismiss by October 10. On October 9, MLS's counsel emailed Hill's counsel to notify him of MLS's intent to file a motion and to ask whether Hill opposed the motion and if so, whether Hill would put in a response. In response, Hill's counsel indicated that he opposed MLS's Motion and asked MLS not to file it. MLS declined Hill's counsel's offer and filed its Motion the next day. (Dkt. 28.1 at 14.)[3] MLS indicated on its Form T-1080 that it had consulted with Hill's counsel in

---

[3] Based on Hill's counsel's response to MLS's email, it appears that Hill's counsel was unfamiliar with Local Rule 27.1, because he did not understand the basis for MLS's email asking for his position on MLS's Motion and whether he intended to file a response. (*See* Dkt. 28 at Ex. D ("Is there any particular reason you are asking whether I will file a response by close of business today?").)

4

accordance with Local Rule 27.1, that Hill did not consent to the relief MLS sought, and that Hill intended to submit a response to MLS's Motion. (Dkt. 25.1 at 1.) Accordingly, MLS complied with Local Rule 27.1 prior to filing its Motion and Hill's contention to the contrary is without merit.

## CONCLUSION

For the reasons stated above and in MLS's moving papers, MLS's Motion to Dismiss should be granted.

Dated: New York, New York
October 17, 2024

PROSKAUER ROSE LLP

By: */s/ Elise M. Bloom*
    Elise M. Bloom
    Noa M. Baddish
    Eleven Times Square
    New York, NY 10036
    Phone: (212) 969-3000
    Fax: (212) 969-2900
    ebloom@proskauer.com
    nbaddish@proskauer.com

*Attorneys for Defendant-Appellee*

5