UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
DOCKET NUMBER 24-2141
On Appeal from the U.S.D.C. for the Southern District of New York

---------------------------------------------------------x
RICKY HILL,                              )   Dist. Ct. No. 1:23-cv-2911-JGK
                                         )
      Plaintiff/Appellant,      )   Hon. John G. Koeltl (USDJ)
                                         )
v.                                       )
                                         )
MAJOR LEAGUE SOCCER, LLC,                )
                                         )
      Defendant/Appellee.       )
---------------------------------------------------------x

**APPELLANT RICKY HILL'S RESPONSE OPPOSING, IN PART,
APPELLEE MAJOR LEAGUE SOCCER, LLC'S MOTION
<u>FOR AN EXTENSION OF TIME TO FILE APPELLEE'S BRIEF</u>**

Appellant Ricky Hill ("Hill" or "Appellant") hereby submits his Response Opposing, in Part, Appellee Major League Soccer, LLC's ("MLS" or "Appellee") Motion for an Extension of Time to File Appellee's Brief ("Motion to Extend").

## <u>INTRODUCTION</u>

MLS and its lawyers' incivility and disregard for wasting the Court's and Appellant's time out of spite and pettiness is on full display yet again.[1] Only these lawyers could turn their own request for an extension of time into an opportunity to reach back in time to Appellant's supposedly condemnable behavior (seeking additional time to file documents) in the district court. In the present matter, *MLS* asked *Hill* for additional time to file its brief. Hill's counsel proposed an

---

[1] The baselessness of MLS' recent motion to dismiss based on a one-day delay in filing certain forms due to a technical problem was highlighted by, among other things, the very cases their counsel cited purportedly in support of dismissal. *United States v. Pomales*, No. 20-3137, 2021 WL 7502179 (2d Cir. Aug. 2, 2021) (over two-month delay in filing forms); *Marquess v. Cardflex, Inc.*, No. 22-1822, 2022 WL 18694512 (2d Cir. Nov. 21, 2022) (delays of two and three weeks in filing forms).

overall modified schedule rather than a lopsided unilateral extension. MLS could easily have responded to Hill's email with a counterproposal if they thought Hill's proposed schedule was unbalanced. MLS chose instead to engage its expensive legal talent filing yet another motion, of course making sure to include a gratuitous rehash of their indictment of Hill's counsel for needing additional time (as MLS does now) at various times during this litigation.

## FACTUAL BACKGROUND

1.  The current briefing schedule tracks Local Rule 31.2(b), which applies to briefings on the Expedited Appeals Calendar. The Court's October 23, 2024 order placed this matter on that calendar, which made Appellant's brief due 35 days from that date, or November 27. Appellee's brief is due January 2, 2025 and any reply, according to the rule, would be due 14 days after that, or January 16.

2.  By e-mail dated October 30, 2024, MLS' lawyers asked Appellant's counsel to consent to their request for a 21-day extension of time, from January 2 to January 23, 2025, to file Appellee's brief. Declaration of Steven M. Shebar, filed herewith ("Shebar Declaration" or "Shebar Dec."), ¶ 2, Ex. A.

3.  By e-mail the same day, Appellant's counsel proposed December 12 for Appellant's brief, giving Appellee's 42 days for its brief in response, and February 13 for Appellant's reply, giving Hill 21 days.

4.  MLS did not respond to this proposal and, instead, filed the instant Motion to Extend two days later, on November 1, seeking a 21-day extension for itself and no extension for Hill.

## ARGUMENT

MLS' proposal creates an obvious disparity by giving itself nearly two (2) months (8 weeks plus one day) from November 27, 2024 through January 23, 2025 to file its brief, while leaving Appellant 35 days for its main brief and 14 for its reply. Like most people with families, Appellant's counsel will be traveling during the week of Thanksgiving, with such travel beginning on Monday of that week, making the existing November 27 date equally intrusive to family holiday plans as the January 2 date is to Appellees' holiday plans. Appellant's counsel's proposed modification extends its time by 15 days and still gives Appellee 42 days to respond.

Appellant will leave to the Court whether it feels some other modification is more equitable or appropriate, and trusts that the Court will ignore the irrelevant and inappropriate attacks having nothing to do with a simple request for more time which, with normal civility and courtesy, could have been managed without the Court's intervention.

## CONCLUSION

Based on the foregoing, Hill respectfully requests that (i) to the extent the Court grants Appellee's Motion to Extend, that it do so in the context of an equitable modification of the briefing schedule, such as the one proposed by Appellant and (ii) the Court grant Hill such further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/Steven M. Shebar

SHEBAR LAW FIRM
Steven M. Shebar
0N370 Fanchon St.
Wheaton, Illinois 60187
(630) 877-6833
steveshebar@shebarlaw.com

*Attorneys for Appellant Ricky Hill*