UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-2141

**Caption [use short title]**

**Motion for:** Rehearing of Dismissal of Appeal

Hill v. Major League Soccer, LLC

Set forth below precise, complete statement of relief sought:

Reconsideration of 1-2-25 order dismissing appeal

Vacating 1-2-25 order dismissing appeal

Granting motion to permit filing of appellant's brief

**MOVING PARTY:** Ricky Hill
**OPPOSING PARTY:** Major League Soccer, LLC

☐ Plaintiff  ☐ Defendant
■ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** Steven M. Shebar
**OPPOSING ATTORNEY:** Elise Bloom

[name of attorney, with firm, address, phone number and e-mail]

Shebar Law Firm, 0N370 Fanchon St.
Wheaton, IL 60187 (630) 877-6833
steveshebar@shebarlaw.com

Proskauer Rose LLP
New York, NY 10036 (212) 969-3000
ebloom@proskauer.com

**Court- Judge/ Agency appealed from:** Second Circuit Court of Appeals / Hon. José A. Cabranes, Circuit Judge.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ■ No (explain): they oppose

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Opposing counsel's position on motion:
☐ Unopposed ■ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ■ Don't Know

Is the oral argument on motion requested? ■ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ■ No If yes, enter date:

**Signature of Moving Attorney:** /s/ Shebar  **Date:** 1/16/25  **Service:** ■ Electronic ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**DOCKET NUMBER 24-2141**
On Appeal from the U.S.D.C. for the Southern District of New York

---------------------------------------------------------x
RICKY HILL,                              )      Dist. Ct. No. 1:23-cv-2911-JGK
                                         )
      Plaintiff/Appellant,               )      Hon. John G. Koeltl (USDJ)
                                         )
v.                                       )
                                         )
MAJOR LEAGUE SOCCER, LLC,                )
                                         )
      Defendant/Appellee.                )
---------------------------------------------------------x

**APPELLANT RICKY HILL'S PETITION FOR**
**PANEL REHEARING OF DISMISSAL OF APPEAL**

Appellant Ricky Hill ("Hill" or "Appellant"), by his undersigned counsel of record, hereby submits his Petition for Panel Rehearing of Dismissal of Appeal, pursuant to Fed. R. App. P. ("FRAP") Rule 40 and Local Rule 40.1.

**INTRODUCTION – GROUNDS FOR REHEARING**

This is a case about the important constitutionally-based rights of the Appellant not to be deprived of equal employment opportunities. Appellee argued in its motion to dismiss that Hill's appeal was "meritless" anyway, and attempted to establish that by attaching a copy of the District Court's decision. The Appellant's brief at issue in this Petition has been on the docket now for more than a month, and Appellant prays that this Court determine for itself whether important, valid legal

issues have been raised and argued, which warrant a hearing on the merits rather than having the brief, and the rights it seeks to vindicate, thrown out of court on weak procedural grounds.

Appellant believes that this Petition and the dismissal that gives rise to it present atypical facts and circumstances that the Court may not have duly considered in granting Appellant's motion to dismiss the appeal. As a result, the Court may also have overlooked corresponding issues of law raised thereby.[1] Ironically, it was Appellant's counsel's efforts to minimize the consequences of his serious illness on the briefing schedule, that resulted in Appellant's brief being filed after a self-imposed due date. Appellant's brief was filed 5 days after a deadline that was a self-imposed, unnecessarily short (9-day) and, in retrospect, inadequate extension of time, particularly given counsel's unanticipated unresponsiveness to treatment of documented, serious medical issues.

Second, Appellant's brief was filed on December 11, one day *earlier* than the reasonable, 15-day extension he had previously requested from the Court, in response to Appellee, Major League Soccer, LLC's ("Appellee" or "MLS") motion requesting a longer, 21-day, extension for Appellee's brief. Appellant surmises that the Court did not grant or address Appellant's 15-day extension request because

---

[1] The appeal was dismissed in an order without an accompanying opinion, a copy of which is attached hereto as Exhibit A.

2

rather than filing it in a separate motion, Appellant requested it as part of his response to Appellee's motion for an extension. This possibly-overlooked request presents another basis for the Court to take a second look at this dismissal.

Third, this case presents a uniquely inarguable absence of prejudice to the Appellee, who, as a condition of agreeing to Appellant's inordinately short (9-day) extension, required an agreement to an additional 8-day extension for itself (to January 31), bringing the total days of Appellees' extensions to 29 days past the original scheduling order, while Appellant's brief was *actually filed* 14 days past the date in the original scheduling order.

Finally, it is not clear to Appellant whether the Court may have considered any "other appropriate action," pursuant to Local Rule 31.2(d), pursuant to which Appellee's motion to dismiss was made, short of complete and final dismissal. Given that the delay was entirely due to counsel's illness and acceding to Appellee's demand for a shorter extension to avoid more motion practice, and had nothing to do with any conduct of Appellant himself, a more just punishment, if any, would have been the imposition of attorneys' fees upon Appellant's counsel for whatever additional filings Appellant needed to make as a result of counsel's delay. As further set forth below, depriving Mr. Hill of the ability to be heard on the merits of the points raised in his brief is an extreme and, under the circumstances, unwarranted result.

## **FACTUAL BACKGROUND**[2]

1.    The original briefing schedule issued by the Court, pursuant to Local Rule 31.2(b) established November 27, 2024 as the due date for Appellant's initial brief, January 2, 2025 for Appellee's brief and January 16, 2025, for Appellant's reply.

2.    Appellee filed a motion seeking to extend the due date for Appellee's response brief by 21 days, to January 23.

3.    In Hill's partial opposition to Appellee's November 1, 2024 motion, he requested an extension to December 12 in light of Hill's counsel having family obligations beginning the week prior to, and continuing through, the Thanksgiving holiday.

4.    Appellee's 21-day extension was granted and, perhaps because Hill's counsel had not filed a separate motion for his requested extension to December 12 (as opposed to including this request for relief in his response to Appellee's motion), no change was made by the Court to Hill's due date of November 27 and no reason was given.

---

[2] Appellant will only summarize here the facts particularly pertinent to this Petition for Rehearing. The facts and legal argument supporting Appellant's being granted permission to file his brief, which, together with the Joint Appendix, he has already filed, are set forth at length in his original response opposing dismissal. See Dkt. 48.

5. Attempting to avoid contested motion practice in the face of MLS' refusal of Hill's reasonable request for additional time to December 12, Hill's counsel asked MLS' counsel if they would consent to an extension of 9 days, to December 6, 2024 for the filing of Appellant's initial brief.

6. MLS' counsel consented to this extension, contingent upon Hill's consent to a further extension of time for MLS to file Appellee's response brief, from January 23 to January 31, 2025. The Court granted this revised briefing schedule on November 25, 2024.

7. In sum, as of the last ruling of the Court prior to dismissal, MLS had received 29 days of extensions (from January 2 to January 31) from the original briefing schedule and Hill had received 9, from November 27 to December 6, 2024.

8. Hill's counsel believed his ongoing treatment and partial recovery from the acute blood-loss anemia diagnosed in the summer (and previously disclosed to the Court with letters from treating physicians – see Dkt. # 28.1) was sufficient to enable him to conclude the filings by Hill's counsel's requested date of December 6.[3]

---

[3] As set forth in Appellant's original opposition, Dkt. 48, Hill did not simply ignore the deadline and file his brief five days late. His counsel filed a motion on December 6 when he realized finishing on time would be an impossible task. That motion was still pending when Appellant went ahead and filed his brief, the joint appendix, a corrected brief and a motion to permit all of the foregoing filings.

9. Due to an unanticipated recurrence of debilitating symptoms of fatigue and loss of mental focus which has made managing deadlines in all of his cases unusually difficult, Hill's counsel was unable to complete the brief until December 11.

10. Hill subsequently filed his opposition to MLS' motion to dismiss (Dkt. # 48) and motions to permit the filing of Appellant's brief (Dkt. ## 49, 50).

11. Hill's motions were denied and MLS' motion to dismiss was granted on January 2, 2025 (Dkt. # 51).

## **ARGUMENT**

### I. **The Court should reconsider the dismissal in light of the circumstances identified herein that Appellant believes were overlooked or not given proper consideration.**

The lateness of Appellant's brief was the result of a self-imposed deadline that was 6 days shorter than what Appellant's counsel had asked the Court for (see Dkt. # 35.1 at 2-3), but which was not granted – not because the Court ruled against it, but perhaps because of a technical failure by Appellant's counsel in asking for the additional time in a response rather than in a separate motion. It is also possible that the Court overlooked Appellant's request for a schedule that gave him until December 12. In either case, this led Appellant's counsel to accept the December 6 due date, under pressure to avoid otherwise inevitable motion practice, which would

6

have likely caused more delay than the 5-day lateness that actually resulted from agreeing to the too-short extension.

Moreover, beyond demonstrating a lack of prejudice from Hill's lateness, MLS' availing itself of 29 days of extensions and then having Hill's brief dismissed because the 9 days of extensions he received were inadequate, due to no fault of Hill's, is manifestly unjust. Hill has submitted a meritorious brief and a joint appendix on behalf of both parties, which are there for the Court's review. Even a cursory review demonstrates the important questions and potential errors that have resulted in Hill's loss of important constitutional rights against discrimination in employment.

Also potentially overlooked by the Court was Local Rule 31.2(d)'s provision for an appropriate sanction, other than dismissal. Hill's having nothing whatsoever to do with the delay here, coupled with the above-referenced imbalance and lack of prejudice cry out for the protection of Hill's ability to have his day in court and have his appeal decided on the merits, rather than being dismissed for delay, particularly a short delay occasioned by the very type of "good cause" contemplated in Local Rule 27.1(f)(1) -- a serious personal illness of counsel. Accordingly, Appellant asks the Court to reconsider the sanction and, instead, consider one such as imposing attorneys' fees on Appellant's counsel for any additional briefing necessitated by counsel's delay.

**II. Upon reconsideration, the Court should reverse the dismissal and permit the filing of Appellant's brief.**

Hill will not repeat all of the arguments that support permitting his brief to be filed and denying MLS' motion for dismissal. They are set forth at length in his original response to MLS' motion to dismiss and his motion to permit the filing of the brief ("Hill Opp.") at Dkt. ## 48-50. In addition to the grounds delineated hereinabove, this result is also supported by: (i) the good cause established pursuant to Local Rule 27.1(f) (Hill Opp. at 5-6); (ii) the short delay and lack of prejudice to Appellee (*id.* at 6-7); (iii) the preference for disposition on the merits rather than a procedural dismissal (*id* at 7); and (iv) the fact that Appellee has failed to establish through analogous case law that dismissal is appropriate (*id*. 7-8).

## CONCLUSION

Based on the foregoing, Hill respectfully requests that the Court (i) grant his Petition and reconsider its order granting MLS' motion to dismiss the appeal; (ii) upon reconsideration, (a) deny MLS' motion to dismiss the appeal; (b) permit the filing of Appellant's brief; and (iii) grant Hill such further relief as the Court deems just and appropriate.

Respectfully submitted,

RICKY HILL

By: /s/Steven M. Shebar
      His Attorney

SHEBAR LAW FIRM
Steven M. Shebar
0N370 Fanchon St.
Wheaton, Illinois 60187
(630) 877-6833
steveshebar@shebarlaw.com

*Attorneys for Appellant Ricky Hill*

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# DOCKET NUMBER 24-2141

On Appeal from the U.S.D.C. for the Southern District of New York

# EXHIBIT A

**To Appellant Ricky Hill's Petition for Panel Rehearing of Dismissal of Appeal**

**Dismissal Order dated Jan. 2, 2025**

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of January, two thousand twenty-five.

Before:  José A. Cabranes,
         *Circuit Judge*.
_____

Ricky Hill,

       Plaintiff - Appellant,

v.

Major League Soccer, L.L.C.,

       Defendant – Appellee.
_____

**ORDER**

Docket No. 24-2141

Appellant moves for an extension of time to file the opening brief and for leave to file a corrected opening brief. Appellee opposes the motion and cross-moves pursuant to Local Rule 31.2(d) for dismissal of the appeal due to Appellant's failure to timely file the opening brief.

IT IS HEREBY ORDERED that Appellant's motion is DENIED. Appellee's cross-motion is GRANTED.

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court